UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIRST AMERICAN TITLE INSURANCE COMPANY,
TRANSNATION TITLE INSURANCE COMPANY,
LAWYERS TITLE INSURANCE COMPANY,
COMMONWEALTH LAND TITLE INSURANCE
COMPANY, TICOR TITLE INSURANCE COMPANY,
CHICAGO TITLE INSURANCE COMPANY,
TICOR TITLE INSURANCE COMPANY OF FLORIDA,
and FIDELITY NATIONAL TITLE INSURANCE
COMPANY,

    Plaintiffs,

v.       Case No. 06-12061

BERNARD J. YOUNGBLOOD, Wayne
County Register of Deeds, in his individual and   HONORABLE AVERN COHN
official capacity.

    Defendant.

_____/

## MEMORANDUM ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND SCHEDULING A STATUS CONFERENCE

This is a case concerning the operation of the Wayne County Register of Deeds office. Plaintiffs, title insurance companies, are suing defendant Bernard J. Youngblood, in his official capacity as Wayne County Register of Deeds, claiming that he has violated state and federal law in the operation of the office. Plaintiffs second amended complaint makes seven claims, as follows:

> Count I - A declaration under 28 U.S.C. § 2201 that defendant must maintain entry books that timely note the date and time that instruments and other recordable papers are presented to the Register of Deeds and a further declaration that the fees charged by the Register of Deeds violate Michigan law

>Count II - An injunction requiring defendant to timely maintain entry books as required by Michigan law
>
>Count III - A penalty under M.C.L. § 565.531 for defendant's failure to index and post documents
>
>Count IV - Defendant's failure to maintain entry books in accordance with Michigan law violates due process
>
>Count V - A refund of unauthorized fees
>
>Count VI - Defendant has a policy and practice of rejecting instruments properly presented for recording by plaintiffs and other title companies which have deprived them of equal protection and due process
>
>Count VII - A declaration under § 2201 that defendant has violated the Copyright Act, 17 U.S.C. § 102(a) by refusing to permit the public to inspect recorded instruments until they acknowledge the Register's copyright in the instruments

Before the Court is defendant's motion to dismiss on various grounds.[1]  For the reasons that follow, the motion will be denied.

## II.  Background

As this is a motion to dismiss, an elaborate background discussion is not necessary since the facts alleged in the complaint must be presumed true.  Briefly, Michigan recording acts require that instruments involving title to real property be recorded to provide public notice of their contents.  The applicable law establish recording guidelines for instruments as well as setting forth several requirements for registering deeds.  In the complaint, plaintiffs allege that defendant has violated numerous provisions of the recording acts and federal law.  Plaintiffs specifically allege that defendant has violated state and federal law by failing to create and maintain

---

[1] Defendant originally asserted Eleventh Amendment immunity as a ground for dismissal.  Following a hearing on the motion, defendant withdrew this argument.

accurate entry books, failing to timely index and post instruments for public inspection, rejecting properly presented instruments and not timely rejecting presented instruments, failing to properly train and supervise employees, charging recording, certification and search fees not authorized by state law, and not permitting the public to freely examine and transcribe records.

### III. Legal Standard

When analyzing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take a plaintiff's well-pleaded allegations as true. Miree v. DeKalb County, 433 U.S. 25, 27 n.1 (1977). "[W]hen an allegation is capable of more than one inference, it must be construed in the plaintiff's favor." Sinay v. Lawson & Sessions Co., 948 F.2d 1037, 1039-40 (6th Cir. 1991). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### IV. Analysis

#### A. Abstention

Defendant argues that dismissal is appropriate on abstention grounds, citing Burford v. Sun Oil Co., 319 U.S. 315 (1943). Burford abstention is used to avoid conflict with a state's administration of its own affairs. It applies only if a federal court's decision on a state law issue is likely to "interfere with the proceedings or orders of state administrative agencies." See New Orleans Pub. Serv. Inc. v. Council of New Orleans, 491 U.S. 350, 361 (1989). As the Court of Appeals for the Sixth Circuit recently stated, "[t]he Burford abstention should not be applied unless: (1) a case presents 'difficult questions of state law bearing on policy problems of substantial public import whose

importance transcends the result in the case then at bar,' or (2) the 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" Rouse v. DaimlerChrysler Corp., ___ F.3d ___, 2002 WL 1836580, *4 (6th Cir. Aug. 13, 2002) (citing Colorado River, 424 U.S. 800 (1976) (discussing Burford)).

Plaintiffs say that Burford abstention is not appropriate because they seek legal as well as equitable relief, the state laws involved are simple and clear, and this litigation will not interfere with any state administrative regulatory scheme.

The Court agrees with plaintiffs. The fact that plaintiffs are seeking monetary relief in addition to equitable relief alone counsels against abstention. See Superior Beverage Co. v. Schieffelin & Co., 448 F.3d 910, 914 (6th Cir. 2006). Moreover, although plaintiffs make claims under federal law, the thrust of the complaint concerns the application of Michigan's recording statutes, which are not complicated in and of themselves.

As to the existence of an administrative scheme, there is no Michigan agency charged with overseeing the operations of a register of deeds office. On this point, defendants rely on Central Ceiling & Partition, Inc. v. Dept. of Commerce, 470 Mich. 877 (2004) where the Michigan Supreme Court expressed concern with the operations of the Wayne County Register of Deeds in the recording on liens and ordered the office to provide quarterly written reports. At the end of 2005, the Supreme Court issued a second decision in Central Ceiling advising that no further reports were necessary. Justice Robert Young filed a separate concurrence noting that defendant was still not complying with the statutes and stating:

> It is not this Court's responsibility to direct the operations and funding of an arm of the executive branch. Hence, we will defer to the other political branches to accomplish that which we could not during the pendency of this action. However, it is a grievous thing when a governmental agency fails to protect the very thing it is established to safeguard–the property rights of its citizens. I urge the appropriate elected officials to take account of and remedy this problem as soon as possible.

Central Ceiling, 474 Mich. 990, 992 (2005).

Defendant does not explain how the Supreme Court's decisions in Central Ceiling impact Burford abstention. While Justice Young encouraged other branches of government to take up the issue, there is nothing in Central Ceiling, a case in which defendant was not even a party, which requires abstention.

Following up on Central Ceiling and in a further attempt to demonstrate that the issues in this case are more properly left to the Michigan courts and other branches of Michigan government, defendant says that a state senator has introduced a bill to repeal the current requirement that a register of deeds maintain an entry book of deeds and mortgages with up to nine columns to be filled in for each document. As plaintiffs point out, the fact that legislation has been introduced to revise the statutory requirements does not justify defendant's refusal to follow the law as it currently stands.

Moreover, the case law defendant cites is not analogous. Defendant's reliance on MacDonald v. Village of Northport, Michigan, 164 F.3d 964 (6th Cir. 1999) is misplaced. In MacDonald, the Court of Appeals for the Sixth Circuit affirmed the district court's abstention from plaintiff's claim that the public use of a right-a-way granting access to Grand Traverse Bay interfered with their enjoyment of their property. The Sixth Circuit found abstention appropriate because the dispute involved the Michigan Land Division Act, which "provided a particular procedure to govern lawsuits and plat

5

changes" in the Michigan courts, required the joinder of certain state officials and mandated administrative review. Here, there is no administrative review, no requirement of joinder of any state officials or a requirement for adjudication in a certain forum.

Defendant also cites Alpena Title, Inc. v. County of Alpena, 84 Mich. App. 308 (1978). Although this case did not involve abstention, the court quoted from an opinion in another case, Lawyers Title Ins. Corp. v. Youngblood, No. 31729 (E.D. Mich. 1971), where a judge in this district held that the Board of Commissioners of Wayne County had the authority to set the rates charged by the Register of Deeds. In its opinion, the district court stated "They [the State of Michigan and Wayne County] would, no doubt, look aghast at the specter of the United States District Court usurping the function explicitly delegated to them by the Legislature of the State of Michigan." This statement, however, was not made in the context of abstention. The district court in fact retained jurisdiction but deferred to the decision of the Board of Commissioners as a basis for its ruling. This statement cannot be read as counseling in favor of abstention in this case.[2]

Overall, defendant has not satisfied the Court that abstention is appropriate.

### B. Standing

Defendant also argues that dismissal is warranted because plaintiffs lack standing because they "have failed to show that they suffered any injury and that the injury was the direct result of defendant's actions." Defendant, however, does not

---

[2] The Court has not been furnished with the full text of the decision in Lawyers Title.

explain precisely how plaintiffs lack standing.

In Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992), the Supreme Court identified three elements that compose the "irreducible constitutional minimum" of standing. First, the plaintiff must have suffered an "injury in fact." Id. The injury must be "concrete and particularized" and it must be "actual or imminent, not conjectural or hypothetical." Id. (citations omitted). Second, the injury suffered must be "fairly traceable," or causally connected, to the challenged conduct. Id. (citation omitted). Third, it must be likely, and not merely speculative, that the injury will be "redressed by a favorable decision." Id. at 561.

Here, plaintiffs have adequately supported their right to bring suit. They say that defendant violated state and federal laws and that those actions have caused them injury. In particular, they say that defendant's failure to maintain entry books "prevent[s] plaintiffs from begin able to determine all interests in a parcel as of the date of title review." Complaint at ¶ 40. They also say that defendant's failure to timely index instruments "has facilitation fraud by individuals..." and leave plaintiffs "as insurers of title..to bear the financial loss of the Register's conduct." Complaint at ¶ 41. They also say that defendant charges unauthorized fees. Complaint at ¶ 49-51.

### C. Failure to State a Claim - Due Process and Equal Protection

Finally, defendant argues that plaintiffs' claims for violation fo due process and equal protection fail because certain limitations (the 10 documents limit and the 25 documents per folder) "cannot be considered arbitrary."[3] In response, plaintiffs point out

---

[3]Based on the statement of issues section of defendant's brief, defendant appears to argue that plaintiffs' copyright claim is subject to dismissal for failure to state

that at this stage in the case, they need only <u>allege</u> that there is no rational basis for the alleged wrongful actions, which they have done. Plaintiffs are correct. This Court is considering a motion to dismiss, not a motion for summary judgment. Even in the case cited by defendant, <u>Harrah Independent School District v. Martin</u>, 440 U.S. 194 (1979), involving a complaint brought by a tenured teacher challenging a continuing education requirement, the issue regarding the rationality of the rule was the subject of an injunction hearing where evidence was presented, not a motion to dismiss.

V.  Conclusion

For the reasons stated above, defendant's motion is DENIED.

The Court is mindful of defendant's assertions that it is moving forward with a new computer and recording system which it says will vastly improve operations. While laudable, the Court must move deal with the case and circumstances as they stand. To this end, the Court will hold a status conference on **Tuesday, October 31 at 2:00 p.m.** at which time it will consider the following:

- bifurcating liability and damages

- scheduling plaintiffs' motion for partial summary judgment and injunctive relief on Count I, relating to alleged entry book violations

- the need to add the Wayne County Board of Commissioners or Wayne County as a party defendant in order to give complete relief should

---

a claim. However, defendant offers no legal argument in support of this assertion in his brief.

      plaintiffs prevail

At the conference, plaintiffs shall lodge with the Court a draft form of judgment or decree that it will ask the Court to enter should plaintiffs prevail on their claims for equitable relief.

    SO ORDERED.

                                          s/Avern Cohn  
                                          AVERN COHN  
                                          UNITED STATES DISTRICT JUDGE

Dated: October 25, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, October 25, 2006, by electronic and/or ordinary mail.

                                          s/Julie Owens  
                                          Case Manager, (313) 234-5160